IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BELINDA SUE MCINTOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-01143-STA-dkv |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**

Plaintiff Belinda Sue McIntosh filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on December 12, 2012. On January 23, 2013, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming,

1

modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7] "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."[8]

Pursuant to sentence four, a District Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[9] "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[10] These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on September 27, 1961. In her disability report, she alleged disability based on bipolar disorder, manic depression, and obsessive compulsive disorder. She amended her alleged onset of disability at the hearing to September 27, 2011. She has past relevant work as a sewing machine operator.

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements through December 31, 2014; (2) Plaintiff has not engaged in substantial gainful activity since the alleged amended onset date; (3) Plaintiff has severe impairments and history of depressive disorder, anxiety disorder, back disorder, disorder of the left shoulder, and obesity,

---

[8] *Faucher v. Secretary*, 17 F.3d 171, 175 (6th Cir. 1994).

[9] *Id.* at 176 (citations omitted).

[10] *Id.*

3

but she does not have an impairment or combination of impairments that meet or equal a listing; (4) Plaintiff retains the residual functional capacity to perform light work except that she can perform no climbing, overhead reaching, kneeling, or crawling; she can perform occasional stooping and crouching; and she needs simple, routine tasks with no exposure to the public and only occasional collaborative efforts with co-workers and supervisors; (5) Plaintiff can perform her past relevant work; (6) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[11]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[12] The claimant bears the ultimate burden of establishing an entitlement to benefits.[13] The initial burden of going forward is on the claimant to show that he or she is disabled from engaging in his or her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[14]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

    1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

    2. An individual who does not have a severe impairment will not be found to be disabled.

    3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration

---

[11] *Id.* at 17 – 27.

[12] 42 U.S.C. § 423(d)(1).

[13] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[14] *Id.*

requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he or she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[15]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[16] Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform her past relevant work and, therefore, was not disabled under the Act.

Plaintiff contends that the ALJ erred by failing to properly incorporate the opinion of the consultative examiner, Dr. Leonard Hayden, into the residual functional capacity finding. The Court finds Plaintiff's argument to be persuasive.

Dr. Hayden performed a consultative examination and assigned the following limitations to Plaintiff: she can lift and carry up to ten pounds frequently and up to twenty pounds occasionally; she can stand and walk for a total of six hours and would be able to sit and work and take breaks during the other two hours; she can frequently reach overhead with the right hand but should not reach overhead with the left hand; other reaching can be performed bilaterally on a frequent basis; she can handle, finger, feel, push, and pull frequently; she is not likely to qualify for operation of foot controls of a forklift due to complaints regarding low back,

---

[15] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[16] 20 C.F.R. § 404.1520(a).

feet, and decreased range of motion of the left shoulder; she can occasionally stoop and crouch but can never kneel or crawl.[17]

The ALJ gave weight to the portion of Dr. Hayden's opinion regarding the limitations on lifting, carrying, standing, walking, overhead reaching with the left hand, reaching in all other directions, handling, fingering, feeling, pushing, pulling, climbing ladders and scaffolds, stooping, crouching, kneeling, and crawling.[18] However, she failed to include some of those limitations in the residual functional capacity finding. For example, despite giving weight to Dr. Hayden's opinion regarding bilateral reaching (other than overhead) on a frequent basis and handling, fingering, feeling, pushing, and pulling on a frequent basis, the ALJ did not provide for those limitations in the residual functional capacity finding and offered no explanation for failing to do so. As noted by Plaintiff, adding those limitations to the residual functional capacity finding would impact her ability to perform her past relevant work.

This issue arose in *Carter v. Comm'r of Soc. Sec.*, 137 F. Supp. 3d 998 (S.D. Ohio 2015). In *Carter*, Dr. Cools, the medical expert, opined, *inter alia*, that the claimant "would probably miss one to two days per month based on her psychological difficulties, primarily the depression." The ALJ gave "greatest weight to and ... essentially adopted the opinion of Dr. Cools," but he did not include the absenteeism limitation in the residual functional capacity finding and "provided no explanation regarding such omission."[19] The Court reversed the decision denying the application for benefits and remanded for further proceedings.

The Court reasoned as follows.

---

[17] R. 375.

[18] R. 24. The ALJ gave minimal weight to Dr. Hayden's other limitations.

[19] *Id.* at 1007.

6

> An ALJ is not required to discuss every piece of evidence in the record or include every limitation in a RFC. However, if a medical source's opinion contradicts the ALJ's RFC finding, an ALJ must explain why he or she did not include the disabling limitation in the RFC determination. Social Security Ruling ("SSR") 96-8p states: "[t]he RFC assessment must always consider and address medical source opinions, and address conflicts with an opinion from a medical source," if that opinion is not adopted and incorporated into the RFC. SSR 96-8p, 1996 WL 374184 at *7 (July 2, 1996). Here, the ALJ failed to discuss why, in formulating Plaintiff's RFC, he disregarded Dr. Cools's opinion that Plaintiff would consistently miss up to two days of work monthly because of her depression, despite placing the "greatest weight" on all other aspects of Dr. Cools's findings.
>
> The ALJ's decision to omit this portion of Dr. Cools's opinion from the RFC prejudiced Plaintiff. Hypotheticals posed by the ALJ to the Vocational Expert ("VE") failed to include Dr. Cools's opinion regarding absenteeism, and the VE testified that his analysis of job availability would change with this additional limitation. Specifically, the VE testified that a hypothetical worker, who is absent two times a month, would not be able to maintain competitive employment, and a worker who fluctuated between one and two absences a month would "possibly" be terminated. The VE's testimony thus cannot serve as substantial evidence in support of the conclusion, at Step Five, that Plaintiff can perform a significant number of jobs other than her past relevant work, and the ALJ did not satisfy his shifting burden.[20]

Likewise, in the present case, the ALJ failed to include some of the limitations opined by Dr. Hayden, despite giving his opinion weight as to those limitations, and did not discuss or explain why she disregarded those aspects of Dr. Hayden's opinion. Accordingly, the Court finds that the ALJ's residual functional capacity assessment was not formulated in accordance with correct legal standards and, therefore, substantial evidence does not support the decision denying Plaintiff's application for benefits.

Having determined that the decision must be reversed, the Court must determine whether it is appropriate to remand this case or to direct the payment of benefits. Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings. Therefore, the decision of the

---

[20] *Id.* at 1008 (some citations omitted).

Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing consistent with this order.

    **IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

                                           Date:  July 19, 2017.